**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIONAL BOARD OF EXAMINERS IN OPTOMETRY, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Case No. _____** |
| **STEVEN P. LEE, O.D.** | ) ) | **JURY DEMAND** |
| **Defendant.** | ) ) ) | |

**COMPLAINT**

Plaintiff, the National Board of Examiners in Optometry, Inc. ("NBEO"), for its

complaint against Steven P. Lee, O.D. ("Lee"), states as follows:

**INTRODUCTION**

1.       This is an action for, *inter alia,* trade secret misappropriation, copyright

infringement, tortious interference with contract and breach of contract arising out of Lee's

systematic improper copying, sale, and disclosure of NBEO's confidential, proprietary and

copyrighted examination materials to graduate students in optometry and others who are or were

prospective Part I Exam test-takers.

**THE PARTIES**

2.       NBEO is a not-for-profit corporation organized under the laws of the State of

Maryland, with its principal place of business in the State of North Carolina at 200 S. College

Street, Suite 2010, Charlotte, North Carolina 28202.

3.       Lee is a 2007 graduate of the Illinois College of Optometry who resides in

Chicago, Illinois, and, until recently, practiced optometry in the Chicago metropolitan area.  Lee

also owns and operates a business called "Optometry Board Exams: Secrets, Hints, Tips, Cheat Sheets."

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and supplemental jurisdiction over NBEO's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to NBEO's claims occurred in the district, and Lee is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6.      NBEO develops, administers, and scores a series of national examinations, also known as the "National Boards," that assess competence in the knowledge necessary in the United States to practice optometry safely and effectively.

7.      The National Boards consist of several distinct examinations including Applied Basic Science (also known as the "Part I" Exam), Patient Assessment and Management and Clinical Skills, all of which NBEO administers to optometry school students at various phases in their graduate optometry educations.

8.      A passing score on each of NBEO's examinations is required to obtain a license to practice optometry from any state government within the United States.

### NBEO's Development of the Part I Exam

9.      NBEO examination scores are used by 50 state boards of optometry in the U.S and the District of Columbia to evaluate applicants' fitness to practice optometry.  These jurisdictions require passing scores on NBEO's examinations before they will grant a candidate an optometry license.

10.      Accordingly, NBEO serves an essential public health function by establishing basic competency standards for anyone seeking authorization to enter the optometry profession as a licensed practitioner of optometry.

11.      Currently, every Part I Exam consists of 500 unique, copyrighted, multiple-choice questions that test candidates' knowledge of applied basic science, and, in particular, ocular, visual, and biomedical science.

12.      Each question on a Part I Exam is comprised of a "stem" (the question posed to the test-taker) accompanied by a set of proposed answers or options (the correct answer and "distractors") from which the test-taker must select the correct answer.

13.      The Part I Exam currently is administered twice annually at about 22 test sites in the United States.  Each administration includes four 3 ½ hour sessions, in each of which 125 questions are given to test-takers.

14.      The Part I Exam is designed to measure a test-taker's comprehension and command of the many scientific principles upon which optometric practice is based.

15.      In addition, the Part I Exam addresses those basic areas of science that relate to the safe and effective treatment and management of ocular and vision related diseases and disorders and provide a basis for the test-taker's life-long learning in optometry.

16.     NBEO maintains a secure electronic database of over 10,000 copyrighted exam questions which it has drafted and revised over the past four decades in connection with the Part I Exam and other examinations.  It selects, revises, and then incorporates 500 of the questions contained in the database into the twice-yearly Part I Exams.

17.     Each question contained in the database reflects many hours of time and substantial thought and creativity invested by NBEO over the course of a multi-level process, which focuses on the efficacy of given questions to measure knowledge of applied basic science.

18.     NBEO hires optometry educators, medical professionals and other practitioners (*i.e.,* subject matter experts) to assist in preparation of the questions.  Using long-standing guidelines established by NBEO, NBEO staff and its subject matter experts prepare questions aimed at testing recall of knowledge, calculation and data interpretation, as well as problem-solving and evaluation.

19.     Preparation of the examinations focuses on developing original questions in various substantive areas including, but not limited to, drafting effective question stems and developing and creating multiple "distractors" (*i.e.*, incorrect answer options) to be paired with the correct response to an individual question.

20.     Choosing distractors can be an important part of the drafting process because they represent an array of errors or misconceptions for test-takers.

21.     NBEO staff confers with its subject-matter experts to ensure the accuracy of the substantive information contained in the questions.  The NBEO staff also provides final review and redrafts of the questions to ensure that they are added to the database only once they satisfy NBEO's efficacy standards.

22.     Questions added to the database are always subject to revision by NBEO staff based on psychometric considerations. After a question is used in a particular examination, NBEO evaluates both its "P" and "R" value.  The "P" value of a particular question reflects the percentage of test takers who correctly answer a question.  The "R" value reflects the correlation between the best test performers and their performance on a given question.  If, for instance, a significant percentage of candidates provides the wrong answer for a question and/or the best test performers disproportionately provide the wrong answer to a question, NBEO will re-evaluate the continued use of an exam question and will revise or even discontinue use of the question.

23.     Because of psychometric examination validity concerns, NBEO is required to re-use a significant number of questions, unchanged, on subsequent Part I Exams.  This mandated re-use of questions allows NBEO to develop, evaluate, and validate the test results data from exam to exam and year to year.  This psychometric equating process ensures that the Part I Exam questions consistently achieve the testing goals of the Part I Exam and that the examination difficulty remains constant over time.

24.     NBEO also re-uses some questions on an administration of a Part I Exam that appeared on one or more prior occasions because of the costs, labor and time required to develop hundreds of completely new questions for every exam administration that meet NBEO's requirements.

25.     The construction of a given examination is not limited to simply drafting individual test questions, but, rather, involves the compilation by NBEO of the individual 500 questions chosen for an examination.

26.     Typically, NBEO chooses a group of questions in a particular substantive area from its database and then, in consultation with its subject matter experts, culls down the individual questions that it will use on a particular exam.

27.     If NBEO believes the questions chosen are insufficient, it may ask its subject matter experts for new draft questions in particular subjects identified by NBEO.  NBEO staff will then review and revise the questions and consider adding them to a particular examination. NBEO staff then makes the final decision as to which questions will be included on a given examination in accordance with the content guidelines established by the NBEO Board of Directors.

### *Question Secrecy: An Essential Element of NBEO's Testing Process*

28.     The secrecy and security of NBEO's exam questions is of great importance because pre-exam disclosure of those questions compromises the validity and reliability of scores that candidates achieve on the National Boards and, consequently, undermines the utility of those scores as a measure used by state licensing and optometric authorities to evaluate a candidate's competence.

29.     Exam security and confidentiality is an ongoing priority for NBEO, particularly given the risk posed to public health and safety by unreliable or invalid examination results.

30.     Although NBEO publishes a high-level Content Outline that lists the general topic areas covered in the Part I Exam, NBEO strictly limits and controls access to specific exam questions, both during question development and after a question is added to NBEO's active database.

31.     Likewise, the content of a particular exam administration, including the mix of topics tested and the specific questions and multiple choice answers posed, is kept strictly confidential by NBEO.

32.     Steps that NBEO takes to safeguard the confidentiality of its exam questions and the security of its exam administrations include, but are not limited to, the following:

(a)     all of NBEO's questions are stored in a proprietary, secure database, access to which is limited to only NBEO staff with direct involvement in examination development, each of whom is bound by a confidentiality agreement prohibiting disclosure of any database content;

(b)     NBEO's secure database can only be accessed through a unique username and password;

(c)     all changes to NBEO's questions are logged into an archived, secure database;

(d)     professionals hired by NBEO to assist in developing new test questions ("exam committee members") are required to sign non-disclosure agreements and typically perform their work at NBEO's office;

(e)     workbooks provided to exam committee members are sent only to secure addresses and require a signature for delivery;

(f)     all exam committee members are required to review and sign a non-disclosure agreement at the outset of participation and again annually thereafter;

(g)     NBEO maintains a secure workplace environment. Its lobby, hallways, and two secure rooms (one containing the secure server upon which test questions are

stored and the other containing test booklets) can only be accessed through a key card system;

(h)     the importance of security and ethics issues are emphasized at each Exam committee meeting;

(i)     Chief Proctors, who oversee exam administrations, and the test centers at which the Part I Exam is administered, are carefully selected and screened for their skill in maintaining test security;

(j)     on test day, candidates must present at least one form of photo identification with embedded signature to ensure that only registered and eligible candidates gain entry to the test center and access to the examination;

(k)     proctors at each test center are required to make written reports to NBEO of any incidents involving a possible breach of exam security;

(l)     all Part I Exam booklets are collected at the end of the examination and are carefully tracked at each step of the examination process to detect whether booklets or pages are missing and to respond accordingly.  For example, each Part I Exam booklet is assigned a unique number that is bar coded and scanned when it leaves the NBEO office and when it is returned; each candidate is issued a unique exam booklet and she/he must sign the booklets issued to him or her; also, all booklets are weighed upon their return to the NBEO office;

(m)     NBEO's forensic consultant conducts periodic rigorous statistical analyses to detect copying by candidates or other test administration anomalies;

(n)     candidates are randomly assigned seats for each of the Part I Exam sessions.

(o)      when candidates register for the exams and when they take the exams they execute agreements stating they will not disclose, obtain, or transfer the content of NBEO examination questions to anyone.

33.     Additionally, NBEO Part I Exam questions are registered with the U.S. Copyright Office via its "Secure Test" registration procedure, which permits registration while also avoiding public disclosure of the questions during the registration process.

***Contractual Obligations of Part I Exam Test-Takers***

34.     At all relevant times, each candidate for the Part I Exam has been required to execute an agreement at the time of registration as a condition to taking the exam, acknowledging that the contents of the exam were proprietary and that he or she would not disclose any information from the examination.

35.     In addition, beginning in 2006, candidates agreed they would not accept, receive or obtain any NBEO examination questions from any third parties.

36.     Test-takers also reconfirm the terms of their registrations when they take the exams under proctored supervision.

37.     Lee was among the test-takers of the Part I exam and signed the agreements referenced above when he registered and took the exam.

38.     In addition, in 2006 and 2007, Lee registered and sat for other examinations administered by NBEO, which contained similar language obligating Lee not to disclose any NBEO examination questions to anyone else and agreeing that he would not accept, receive, or obtain information from anyone else about NBEO examinations

***Lee's Promotion of Cheating on the Part I Exam***

39.     At or about the end of his graduate education, Lee established a business called "Optometry Board Exams:  Secrets, Hints, Tips, Cheat Sheets" ("OBE").  OBE advertised the availability for purchase of "practice questions" and "study guides" for the Part I Exam that, in fact, included numerous unauthorized copies of actual questions in NBEO's question database. Copies of screen shots of OBE's website (with the cache designation indicated at the top) are attached as Exhibit B.

40.     Among other things, Lee stated  the following on his OBE website – without ever identifying himself or anyone operating the site:

a.     The OBE "site was designed to help you pass the NBEO . . . with the least amount of effort and time commitment as possible" and "helps students pass with minimum studying."  (Exhibit A, p. 1).

b.     The materials sold on the OBE website included "study guides [that] are consistently updated to reflect the new changes that are implemented into the NBEO . . . exams."  (Exhibit A, p. 2).

c.     The operator of the site, who had passed both NBEO's exams and its Canadian optometric counterpart (*i.e.*, the unnamed Lee) purported to have developed a "sniper approach," reflected in OBEs materials, that "focuses only on the big topics [in NBEO exams] that are worth the most points."  (Exhibit A, pp. 5-6).

41.     Making even more plain the implication that the so-called "sniper approach" depended on illicit duplication of actual NBEO questions, the website emphasized that OBE was selling "sample questions that are VERY similar to the NBEO."  (Exhibit A, p. 10 (emphasis in original)).

42.     In fact, the "study guides" sold and marketed by Lee through OBE were comprised of proprietary and copyrighted materials copied directly from NBEO examinations.

43.     On information and belief, groups of test-takers divided up and reproduced from their collective memory questions on Part I Exams that they had recently taken.  The regurgitated exam questions were compiled into various documents, which Lee eventually obtained and thereafter sold online through OBE.

44.     Many of the purported "sample questions" in the materials sold and marketed by Lee through OBE replicate the virtually identical expression, including the hypotheticals and distractors used in the NBEO questions.

45.     Indeed, despite being billed by Lee as "sample questions" or "sample questions and answers," a comparison of Lee's questions to NBEO's copyrighted questions demonstrates they not only are the blatant product of organized efforts to re-create and misappropriate specific prior NBEO tests and test questions, but that the purpose of the "sample questions" is actually to provide crib notes or cheat sheets for users.

46.     For example, Question 173 of Lee's "Optometry Board Exams:  NBEO Part I (Applied Basic Science) Sample Questions 4," states: "The graph look like this:  What is the person doing?" but does not provide a graph or picture.   It then sets forth three answer options taken from an actual NBEO examination.

47.     Without a graph, the above question is meaningless for test practice purposes.  It makes clear that the purpose is not to provide a "practice exam question" but rather, to identify a particular question and then provide a test-taker with the answer choices in advance of the examination.  Hence, a candidate with no or limited knowledge of the subject area likely could chose the correct response and elevate their exam score to a passing level.

48.     Likewise, Question 195 of the same booklet of sample "questions" states, "From this graph, what is the ½ life of the Drug?" but, again, does not contain the graph and, again, provides answer choices taken directly from an NBEO examination.

49.     Any number of other "sample questions" contain incomplete questions, sentence fragments or simply hints to specific questions used on earlier exams.  Others contain simply a question and a single answer.

50.     Thus, even a cursory review of the "sample questions" Lee markets and sells makes clear they are not legitimate, independently-created practice examination questions, but, rather, a cheater's roadmap into NBEO's proprietary, copyrighted examinations or, as Lee expressly marketed in his company name, "secrets," "hints" and "cheat sheets" from NBEO examinations.

51.     Although Lee originally sought to hide his ownership and control over OBE, he ultimately divulged it.

52.     In 2013 investigators working for NBEO purchased products from OBE.  In the course of one of those purchases, Lee sent emails through his OBE Gmail account that originated from his personal "Steven P. Lee" Gmail account.  As a result, the return address "header" in the OBE Gmail message expressly stated that the originator was "Steven P. Lee" and also included a link to Lee's self-posted picture on Gmail.

53.     To attract funding for another venture, Lee touted his ownership of OBE on an "angel investor" website called Angel.co.  He created webpages on Angel.com in which he identified himself as "Founder, COO" of OBE and posted the same "O.D." logo that he had used on the OBE website.  On another page, again using the same logo, Lee described OBE as "A

medical board study system with a money back guarantee if you do not pass." Copies of screenshots from the Angel.co website are attached as Exhibit B.

54. In November 2013, Lee was confronted about his unlawful sales through OBE of NBEO's secure test questions. Shortly thereafter Lee's OBE website was taken down. After that, the Angel.co webpages identifying Lee as "COO" and "Founder" of OBE also were removed.

55. As a result of Lee's unlawful copying and sales through OBE, numerous Part I Exam questions still in use may have been compromised.

56. Until NBEO discovers the extent of Lee's improper disclosures, including whether and those persons to whom Lee improperly provided access to NBEO's proprietary material, NBEO cannot fully assess whether the questions may be re-used on future examinations or should be removed in their entirety from the NBEO database.

57. As described above, the process of developing a Part I Exam question is extensive, time consuming, and costly to NBEO.

58. NBEO will suffer substantial monetary damages for every question it must remove from its database.

59. NBEO has incurred substantial investigative costs and attorney's fees to investigate and determine the nature and extent of the damage to NBEO's confidential and copyrighted property.

60. At all relevant times, Lee knew of his own confidentiality obligations to NBEO and those of other Part I Exam test-takers, including, but not limited to, the obligations: (i) not to share information regarding what was tested on the Part I Exam and (ii) not to receive or study from confidential information that disclosed what was tested on the Part I Exam.

61. Lee was also aware that the Part I Exam candidates to whom he sold materials through OBE had signed and were bound by similar confidentiality agreements with NBEO, which agreements would be breached upon his unauthorized distribution to those candidates of copied Part I Exam questions.

62. Lee knew that the confidential information he copied and sold regarding the Part I Exam would compromise the exam, give test-takers an unfair advantage, and undermine the integrity of test scores critical to assuring the competence of applicants for state optometry licenses and, thus, to protecting public health.

## COUNT I
## BREACH OF CONTRACT

63. As alleged above, NBEO has valid and enforceable contracts with Lee.

64. At all relevant times, NBEO fully performed its contractual obligations to Lee.

65. Lee breached and continues to breach the terms of his contracts with NBEO and NBEO has suffered and continues to suffer damages as a result.

66. If Lee is not enjoined, NBEO will continue to sustain substantial damage as a result of Lee's systematic and ongoing breaches of his contractual obligations to NBEO.

WHEREFORE, NBEO requests that this Court enter judgment:

a. Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential examination questions and information;

b. Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential examination questions and information;

c.     Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.     Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to the NBEO examinations, including the dates of such sales and a description of what was sold.

e.     Awarding NBEO actual damages arising out of Lee's breach;

f.     Awarding all costs, including investigation costs and any such other and further relief as the Court or jury deems appropriate.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT

67.     NBEO incorporates Paragraphs 1 through 62 above by reference.

68.     NBEO has a valid and enforceable existing contractual relationship with all test-takers who register for the Part I Exam.

69.     At all relevant times, Lee had knowledge of NBEO's contractual relationships with Part I Exam test-takers.

70.     As alleged more fully above, Lee intentionally and unjustifiably induced test-takers to breach their contractual duties to NBEO and, subsequently, test-takers in fact breached those duties.

71.     As a direct and proximate result of Lee's tortious interference, NBEO has suffered damages.

72.     Further, if Lee is not enjoined, NBEO will continue to sustain substantial damages.

73.     Because Lee's conduct was intentional, reckless, malicious and/or fraudulent, NBEO is further entitled to punitive damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a.     Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential examination questions and information;

b.     Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential examination questions and information;

c.     Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.     Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to the NBEO examinations, including the dates of such sales and a description of what was sold.

e.     Awarding NBEO actual and punitive damages arising out of Lee's wrongful conduct;

f.     Awarding all costs, including investigation costs and any such other and further relief as the Court or jury deems appropriate.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS, 765 ILCS 1065/1, *et seq.*

74.     NBEO incorporates Paragraphs 1 through 62 above by reference.

75.     NBEO's Part I Exams contain trade secret information:

a.      Both the Part I Exam individual questions and their selection are sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from their disclosure or use; and

b.      NBEO exercises efforts reasonable under the circumstances to maintain the secrecy or confidentiality of Part I Exam questions and their selection for inclusion in Part I Exams.

76.      Lee, either directly or through the actions of another, willfully and maliciously misappropriated NBEO's trade secrets by acquiring NBEO's Part I Exam materials through what Lee knew or had reason to know to were improper means.

77.      Lee, either directly or through the actions of another, willfully and maliciously misappropriated NBEO's trade secrets by disclosing and using NBEO's Part I Exam materials without NBEO's consent.  In doing so, Lee knew or had reason to know that the information was acquired by improper means and that he had a duty to not to acquire, disclose and/or use that information..

78.      As a direct and proximate result of Lee's willful and malicious misappropriation of trade secrets, NBEO has sustained and, if Lee is not enjoined, will continue to sustain, substantial damages.

79.      Because Lee's acts of misappropriation were willful and malicious, NBEO is entitled to exemplary damages pursuant to 765 ILCS 1065/4(b).

**WHEREFORE**, NBEO requests that this Court enter judgment:

a.      Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying,

reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential examination questions and information;

b.      Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential examination questions and information;

c.      Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.      Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.      Awarding any  compensatory damages in an amount to be proven at trial;

f.      Awarding exemplary, punitive and/or treble damages, in amounts determined appropriate by the Court or jury;

g.      Awarding costs and expenses necessary and incidental to this action, including, but not limited to, attorney's fees and investigative costs actually and reasonably incurred by NBEO; and

h.      Providing for any such other and further relief as the Court or jury deems appropriate.

## COUNT IV
## COPYRIGHT INFRINGEMENT OF APRIL 1988 BASIC SCIENCE EXAMINATION

80.     NBEO incorporates paragraphs 1 through 62 above by reference.

81.     Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its April 1988 Basic Science examination.

82.     The selection was original to NBEO.  NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the April 1988 Basic Science examination.

83.     The April 1988 Basic Science examination was registered with the United States Copyright Office.

84.     In "Optometry Board Exams:  NBEO Part 1 (Applied Basic Science) Questions with Answers 1," Lee infringed NBEO's copyright by unlawfully copying a substantial portion of NBEO's original questions, selection and compilation in the April 1988 Basic Science examination.

85.     As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

86.     Because Lee willfully engaged in the acts complained of with oppression, fraud, and malice, and in conscious disregard of NBEO's rights, NBEO is entitled to the maximum statutory damages allowable.

WHEREFORE, NBEO requests that this Court enter judgment:

a.     Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.      Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.      Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.      Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.      Awarding NBEO actual and/or maximum allowable statutory damages for Lee's copyright infringement in an amount to be determined at trial;

f.      Awarding compensatory damages in an amount to be proven at trial;

g.      Awarding costs and expenses necessary and incidental to this action, including, but not limited to, attorney's fees and investigative costs actually and reasonably incurred by NBEO; and

h.      Providing for any such other and further relief as the Court or jury deems appropriate.

## COUNT V
## COPYRIGHT INFRINGEMENT OF APRIL 1992 BASIC SCIENCE EXAMINATION

87.     NBEO incorporates paragraphs 1 through 62 above by reference.

88.     Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its April 1992 Basic Science examination.

89.     The selection was original to NBEO.

90.     NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the April 1992 Basic Science examination.

91.     NBEO has applied to the Copyright Office for expedited registration of the April 1992 Basic Science examination.

92.     In "Optometry Board Exams:  NBEO Part 1 (Applied Basic Science) Sample Questions 3," Lee infringed NBEO's copyrights by unlawfully copying a substantial portion of the NBEO's original questions, selection and compilation in the April 1992 Basic Science examination.

93.     As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a.     Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.     Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.     Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.     Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.     Awarding compensatory damages in an amount to be proven at trial;

f.      Awarding costs and expenses necessary and incidental to this action, including but not investigative costs actually and reasonably incurred by NBEO; and

g.      Providing for any such other and further relief as the Court or jury deems appropriate.

## COUNT VI
## COPYRIGHT INFRINGEMENT OF AUGUST 1992 BASIC SCIENCE EXAMINATION

94.     NBEO incorporates paragraphs 1 through 62 above by reference.

95.     Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its August 1992 Basic Science examination.

96.     The selection was original to NBEO.

97.     NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the August 1992 Basic Science examination.

98.     NBEO has applied to the Copyright Office for expedited registration of the August 1992 Basic Science examination.

99.     In "Optometry Board Exams:  NBEO Part 1 (Applied Basic Science) Questions with Answers 3," Lee infringed NBEO's copyrights by unlawfully copying a substantial portion of NBEO's original questions, selection and compilation in the August 1992 Basic Science examination.

100.    As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a.      Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying,

reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.      Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.      Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.      Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.      Awarding any other compensatory damages in an amount to be proven at trial;

f.      Awarding costs and expenses necessary and incidental to this action, including, but not limited to, investigative costs actually and reasonably incurred by NBEO; and

g.      Providing for any such other and further relief as the Court or jury deems appropriate.

## COUNT VII
## COPYRIGHT INFRINGEMENT OF
## APRIL 1994 PART I - BASIC SCIENCE EXAMINATION

101.    NBEO incorporates paragraphs 1 through 62 above by reference.

102.    Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its April 1994 Part I - Basic Science examination.

103.    The selection was original to NBEO.

104.    NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the April 1994 Part I - Basic Science examination.

105.    NBEO has applied to the Copyright Office for expedited registration of the April 1994 Basic Science examination.

106.    In "Optometry Board Exams:  NBEO Part 1 (Applied Basic Science) Questions with Answers 2," Lee infringed NBEO's copyright by unlawfully copying a substantial portion of the NBEO's original questions, selection and compilation in the April 1994 Basic Science examination.

107.    As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a.    Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.    Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.    Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.    Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to the NBEO examinations, including the dates of such sales and a description of what was sold.

e.    Awarding any compensatory damages in an amount to be proven at trial;

f.  Awarding costs and expenses necessary and incidental to this action, including, but not limited to, investigative costs actually and reasonably incurred by NBEO; and

g.  Providing for any such other and further relief as the Court or jury deems appropriate.

## COUNT VIII
## COPYRIGHT INFRINGEMENT OF
## AUGUST 1995 PART I (BASIC SCIENCE) EXAMINATION

108.  NBEO incorporates paragraphs 1 through 62 above by reference.

109.  Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its August 1995 Part I (Basic Science) examination.

110.  The selection was original to NBEO.

111.  NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the August 1995 Part I (Basic Science) examination.

112.  NBEO has applied to the Copyright Office for expedited registration of the August 1995 Part I (Basic Science) examination.

113.  In "Optometry Board Exams:  NBEO Part 1 (Applied Basic Science) Sample Questions 2," Lee infringed NBEO's copyrights by unlawfully copying a substantial portion of the NBEO's original  questions, selection and compilation in the August 1995 Part I (Basic Science) examination.

114.  As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

115.  Because Lee willfully engaged in the acts complained of with oppression, fraud, and malice, and in conscious disregard of NBEO's rights, NBEO is entitled to the maximum statutory damages allowable.

WHEREFORE, NBEO requests that this Court enter judgment:

a.       Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.       Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.       Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.       Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.       Awarding compensatory damages in an amount to be proven at trial;

f.       Awarding costs and expenses necessary and incidental to this action, investigative costs actually and reasonably incurred by NBEO; and

g.       Providing for any such other and further relief as the Court or jury deems appropriate.

## COUNT IX
## COPYRIGHT INFRINGEMENT OF
## AUGUST 2000 PART I (BASIC SCIENCE) EXAMINATION

116.     NBEO incorporates paragraphs 1 through 62 above by reference.

117.     Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its August 2000 Part I (Basic Science) examination.

118. The selection was original to NBEO.

119. NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the August 2000 Part I (Basic Science) examination.

120. NBEO has applied to the Copyright Office for expedited registration of the August 2000 Part I (Basic Science) examination.

121. In "Optometry Board Exams: NBEO Part 1 (Applied Basic Science) Questions with Answers 4," Lee infringed NBEO's copyrights by unlawfully copying a substantial portion of the NBEO's original questions, selection and compilation in the August 2000 Part I (Basic Science) examination.

122. As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a. Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b. Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c. Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.      Ordering Lee to disclose within seven days of the date of such order all persons or

entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO

examinations, including the dates of such sales and a description of what was sold.

e.      Awarding compensatory damages in an amount to be proven at trial;

f.      Awarding costs and expenses necessary and incidental to this action, including,

but not limited to, investigative costs actually and reasonably incurred by NBEO; and

g.      Providing for any such other and further relief as the Court or jury deems

appropriate.

**COUNT X**
**COPYRIGHT INFRINGEMENT OF**
**AUGUST 2003 PART I (BASIC SCIENCE) EXAMINATION**

123.    NBEO incorporates paragraphs 1 through 62 above by reference.

124.    Based on a number of factors including those outlined above, NBEO selected and

compiled each question used in its August 2003 Part I (Basic Science) examination.

125.     The selection was original to NBEO.

126.     NBEO owns a valid copyright in the question, selection, and compilation of

questions contained in the August 2003 Part I (Basic Science) examination.

127.    NBEO has applied to the Copyright Office for expedited registration of the

August 2003 Part I (Basic Science) examination.

128.    In "Optometry Board Exams:  NBEO Part 1 (Applied Basic Science) Bonus

Questions," Lee infringed NBEO's copyright by unlawfully copying a substantial portion of the

NBEO's original questions, selection and compilation in the August 2003 Part I (Basic Science)

examination.

129.    As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a.    Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.    Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.    Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about the NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.    Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.    Awarding compensatory damages in an amount to be proven at trial;

f.    Awarding costs and expenses necessary and incidental to this action, including but not limited investigative costs actually and reasonably incurred by NBEO; and

g.    Providing for any such other and further relief as the Court or jury deems appropriate.

### COUNT XI
### COPYRIGHT INFRINGEMENT OF
### DECEMBER 2003 PART I (BASIC SCIENCE) EXAMINATION

130.    NBEO incorporates paragraphs 1 through 62 above by reference.

131. Based on a number of factors including those outlined above, NBEO selected and compiled each question used in its December 2003 Part I (Basic Science) examination.

132. The selection was original to NBEO.

133. NBEO owns a valid copyright in the questions, selection, and compilation of questions contained in the December 2003 Part I (Basic Science) examination.

134. NBEO has applied to the Copyright Office for expedited registration of the December 2003 Part I (Basic Science) examination.

135. In "Optometry Board Exams: NBEO Part 1 (Applied Basic Science) Bonus Questions," Lee infringed NBEO's copyright by unlawfully copying a substantial portion of the NBEO's original questions, selection and compilation in the December 2003 Basic Science Examination.

136. As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

WHEREFORE, NBEO requests that this Court enter judgment:

a. Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b. Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c. Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.      Ordering Lee to disclose within seven days of the date of such order all persons or

entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO

examinations, including the dates of such sales and a description of what was sold.

e.      Awarding compensatory damages in an amount to be proven at trial;

f.      Awarding costs and expenses necessary and incidental to this action, including,

but not limited to, attorney's fees and investigative costs actually and reasonably incurred by

NBEO; and

g.      Providing for any such other and further relief as the Court or jury deems

appropriate.

## COUNTS XII THROUGH 247
## INFRINGEMENT OF INDIVIDUAL QUESTIONS

137.      NBEO incorporates paragraphs 1 through 62 above by reference.

138.      Each question in NBEO's database, including, but not limited to, the stem, the

hypothetical details of the stem and the distractors is an original work owned by NBEO.

139.      NBEO has registered the materials in its database.

140.      Lee infringed NBEO's copyrights by unlawfully copying the examination

questions.

141.      Each question copied by Lee constituted a separate act of copyright infringement

and each question copied by Lee is a separate count of copyright infringement.  Attached as

Exhibit C is a chart identifying by count number, the copyrighted NBEO question, and the

infringing question copied and distributed by Lee.

142.      As demonstrated in Exhibit C, each of Lee's copies is substantially similar to

NBEO's copyrighted questions.

143.    As a direct and proximate result of Lee's infringement of NBEO's copyrights, NBEO has suffered and continues to suffer substantial damages.

144.    Because Lee willfully engaged in the acts complained of with oppression, fraud, and malice, and in conscious disregard of NBEO's rights, NBEO is entitled to the maximum statutory damages allowable.

WHEREFORE, NBEO requests that this Court enter judgment:

a.    Enjoining and restraining Lee, and anyone acting in concert or participation with Lee, from the wrongful acts and conduct set forth above, including, but not limited to, copying, reproducing, soliciting, obtaining, selling, disclosing or otherwise using NBEO's confidential, copyrighted examination questions and information;

b.    Impounding and calling for the destruction of all materials of any kind that contain NBEO's confidential, copyrighted examination questions and information;

c.    Ordering Lee to disclose within seven days of the date of such order all persons or entities from whom he obtained any information about NBEO examinations and identify the date on which he obtained the information and describe the information obtained.

d.    Ordering Lee to disclose within seven days of the date of such order all persons or entities to whom Lee (or his business, OBE) sold any information or questions related to NBEO examinations, including the dates of such sales and a description of what was sold.

e.    Awarding NBEO actual and/or maximum allowable statutory damages for Lee's copyright infringement in an amount to be determined at trial;

f.    Awarding any other compensatory damages in an amount to be proven at trial;

g.     Awarding costs and expenses necessary and incidental to this action, including, but not limited to, attorney's fees and investigative costs actually and reasonably incurred by NBEO; and

h.     Providing for any such other and further relief as the Court or jury deems appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NBEO demands trial by jury of all issues so triable.

Date:   October 9, 2014                          Respectfully submitted,

NATIONAL BOARD OF EXAMINERS IN
OPTOMETRY, INC.


                                           /s/ Kevin Tottis
                                    By:_____
                                           One of its attorneys


Kevin Tottis (ARDC # 6193853)
Rachel M. Vorbeck (ARDC # 6238297)
TottisLaw
One East Wacker Drive, Suite 1205
Chicago, Illinois 60601
(312) 527-1400

Jonathan E. Davis
The Law Office of Jonathan E. Davis, LLC
612 10th Street, #2
Brooklyn, New York 11215
(718) 344-2655