IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL BOARD OF EXAMINERS )<br>IN OPTOMETRY, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>STEVEN P. LEE, O.D. )<br>)<br>    Defendant. )<br>_____) | Case No. **14-7906**<br><br>Judge **Honorable Thomas M. Durkin** |

### PLAINTIFF NBEO'S MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL

Plaintiff National Board of Examiners in Optometry, Inc. ("NBEO"), through its undersigned counsel, moves this honorable Court for an order granting NBEO leave to file Exhibit C to its Complaint against Steven P. Lee, O.D. ("Lee"), under seal, designated as "Highly Confidential: Attorney's Eyes Only," and with access limited to the persons identified in the last paragraph of this motion. In support of its motion, NBEO states as follows.

    1.    As alleged in the Complaint, this is an action for trade secret misappropriation, copyright infringement, tortious interference with contract and breach of contract. These claims arise out of Lee's systematic improper copying, sale, and disclosure of NBEO's confidential, proprietary and copyrighted examination questions used in tests administered to graduate students in optometry. NBEO examination scores are used by 50 state boards of optometry in the U.S and the District of Columbia to evaluate applicants' fitness to practice optometry. These jurisdictions require passing scores on NBEO's examinations before they will grant a candidate

an optometry license. NBEO filed its Complaint on October 9, 2014, except for Exhibit C, which NBEO seeks leave to file under seal with the restrictions set forth below.

2. In addition to alleging copyright infringement of entire examinations, including the compilation of items in each examination, NBEO has alleged copyright infringement of specific questions which form the basis for Counts 12 through 247. Exhibit C is the chart NBEO has prepared setting forth each confidential, copyrighted question along with Lee's infringing question.

3. Pursuant to LR26.2, this Court "may for good cause shown enter an order directing that one or more documents be filed under seal."

4. Good cause exists here – indeed, it is critical that NBEO's examination questions not be made publicly available and that access to them be strictly limited to the persons identified in the last paragraph of this motion. NBEO's examinations and individual test questions are copyrighted as "secure tests" pursuant to 37 C.F.R. 202.20(b)(4) ("A secure test is a nonmarketed test administered under supervision at specified centers on specific dates, all copies of which are accounted for and either destroyed or returned to restricted locked storage following each administration."). The need for maintaining the secrecy of information filed under the secure test provision of the Copyright Act is well known to the Seventh Circuit:

> [P]ublication of standardized tests would not only prevent validation [of the test] by precluding reuse of any of the questions in them, but also require the [testing entity] to create many new questions, at additional expense; and they might not be as good as the original questions, in which event there would be diminished quality as well as added cost. Hence the copyright category "secure tests." . . . It may seem paradoxical to allow copyright to be obtained in secret documents, but it is not. For one thing, the tests are not secret from the students taking them. For another, federal copyright is now available for unpublished works that the author intends never to see the light of day.

*Chicago Bd of Educ. v. Substance, Inc.*, 354 F.3d 624, 627 (7th Cir. 2003).

5. This rationale captures the great import of the secrecy and security of NBEO's exam questions in this case. Pre-exam disclosure of those questions compromises the validity and reliability of scores that candidates achieve on the National Boards and, consequently, undermines the utility of those scores to state licensing and optometric authorities to evaluate a candidate's competence. Accordingly, exam security and confidentiality is an ongoing priority for NBEO, particularly given the risk posed to public health and safety by unreliable or invalid examination results. As set forth in paragraph 32 of the Complaint, NBEO goes to great lengths to maintain the secrecy of its copyrighted test questions. NBEO must not be required to disclose the information in Exhibit C and, thereby, give up the very secrecy it seeks to enforce by bringing this action.

6. Shortly after filing this motion (and prior to presentment), NBEO's counsel will email a copy of the Complaint and this motion to Lee's counsel and request that Lee accept service of process through his counsel. In addition, it will messenger a copy of the motion to Lee's last-known address.

7. Lee will not be prejudiced by the granting of this motion.

**WHEREFORE**, NBEO respectfully requests that this Court enter an order that provides as follows.

a. NBEO is granted leave to file Exhibit C to the Complaint under seal with the designation "Highly Confidential: Attorney's Eyes Only;"

b. Access to or disclosure and/or use of the information in Exhibit C to the Complaint by persons other than NBEO and its counsel is restricted such that it be exclusively for purposes of this litigation and only by the following additional persons: (i) Lee's counsel of record in this litigation; (ii) a stenographer or videographer recording testimony concerning the questions and who shall be bound not to disclose it; and (iii) the Court or personnel assisting the Court in this litigation.

Date: October 9, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/Kevin Tottis_____
　　　　　　　　　　　　　　　　　　　　Kevin Tottis
　　　　　　　　　　　　　　　　　　　　*Counsel for NBEO*

　　　　　　　　　　　　　　　　　　　　Kevin Tottis
　　　　　　　　　　　　　　　　　　　　Rachel M. Vorbeck
　　　　　　　　　　　　　　　　　　　　TottisLaw
　　　　　　　　　　　　　　　　　　　　One East Wacker Drive, Suite 1205
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　(312) 527-1400

　　　　　　　　　　　　　　　　　　　　Jonathan E. Davis
　　　　　　　　　　　　　　　　　　　　The Law Office Of Jonathan E. Davis, LLC
　　　　　　　　　　　　　　　　　　　　1511 Natalie Lane #302
　　　　　　　　　　　　　　　　　　　　Ann Arbor, MI 48105-2927
　　　　　　　　　　　　　　　　　　　　(718) 344-2655