# United States District Court   Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

Case Title: NATIONAL BOARD OF EXAMINERS IN OPTOMETRY, INC.   Plantiff(s)

VS.

STEVEN P. LEE, O.D.   Defendant(s)

Case Number: 14-CV-7906     Judge: DURKIN

I, Jonathan E. Davis hereby apply to the Court under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

NATIONAL BOARD OF EXAMINERS IN OPTOMETRY, INC., by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | DateAdmitted |
|---|---|
| U.S. District Court, Eastern District of New York | 11/15/1998 |
| NY Courts (all, admitted to NY bar in Supreme Court, Appellate Division, 2d Dep't | 5/29/1991 |
| DC Bar (all local courts - Inactive but renewable status) | 01/08/1993 |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| NONE | NONE | N/A |
| | | |
| | | |
| | | |

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

Has the applicant designated local counsel?   Yes ✔   No ☐

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| | | |
|---|---|---|
| **censured, suspended, disbarred, or otherwise disciplined by any court?** | Yes ☐ | No ☑ |
| **or is the applicant currently the subject of an investigation of the applicant's professional conduct?** | Yes ☐ | No ☑ |
| **transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court?** See attachment | Yes ☑ | No ☐ |
| **denied admission to the bar of any court?** | Yes ☐ | No ☑ |
| **held in contempt of court?** | Yes ☐ | No ☑ |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

October 14, 2014                                    S/      *[signature]*

Date                                                         Electronic Signature of Applicant

| Applicant's Name | Last Name<br>Davis | First Name<br>Jonathan | Middle Name/Initial<br>E |
|---|---|---|---|
| Applicant's Law Firm | Law Office of Jonathan E. Davis, LLC | | |
| Applicant's Address | Street Address<br>612 10th Street | | Room/Suite Number<br>#2 |
| | City<br>Brooklyn | State<br>NY | ZIP Code<br>11215 | Work Phone Number<br>(718) 344-2655 |

**(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

**NOTE:** Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $176.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

**Addendum to Pro Hac Vice Motion Of Jonathan E. Davis in**
**National Board of Examiners in Optometry, Inc., v. Steven P. Lee, 14-CV-7906 (N.D. Ill.)**

*Response to request on page 2, asking movant to describe "incident" in which he converted from active to inactive attorney status in the District of Columbia*:

There was <u>no</u> investigation or disciplinary proceeding in connection with my conversion to inactive bar status in the District of Columbia ("DC."). To the contrary, that change was a routine, authorized action, of a kind that many attorneys admitted but not practicing in DC undertake.

DC municipal and bar regulations permit any admitted attorney who is not practicing in that jurisdiction to convert to inactive status while retaining the right thereafter to return to active status. In the meantime, he or she is not subject to DC's jurisdiction's annual licensing tax on attorneys, but is obliged by the DC Bat to pay annual albeit reduced DC bar dues.

I switched from active to inactive status in DC in or about 2000, because I was not practicing law there. Thereafter, I have not resumed practicing law there, and so have maintained my (approved) inactive status by continuing timely to pay the requisite annual dues.